86-6392-00-4/DDF/WGA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| M.C. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 16-cv-9077 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., a | ) | Judge Gary Feinerman |
| foreign corporation NICHOLAS LAMB, | ) | Magistrate Judge Susan E. Cox |
| JERMIAGH DALEY, and DR. SALEH | ) | |
| OBAISI. | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | | |

## FIRST AMENDED COMPLAINT

M.C. HARRIS, for his First Amended Complaint against WEXFORD HEALTH SOURCES, Inc., a foreign corporation, NICHOLAS LAMB, JERMIAGH DALEY, and DR. SALEH OBAISI, states as follows:

## THE PARTIES

1.      Plaintiff, M.C. HARRIS ("Harris" or "Plaintiff") is a United States citizen, and is currently Illinois Department of Corrections ("IDOC") inmate number A25088, incarcerated at Statesville Correctional Center ("Statesville"), a prison maintained by IDOC in Crest Hill, Illinois.

2.      At all relevant times, Defendant WEXFORD HEALTH SOURCES, INC. ("Wexford") was a Pennsylvania corporation with its principal place of business at 425 Holiday Drive, Foster Plaza 2, Pittsburgh, Pennsylvania 15220.  WEXFORD was engaged in the business of providing medical staff and services for the IDOC.

3.      At all relevant times, Defendant NICHOLAS LAMB ("Lamb"), was employed by IDOC and was acting Warden of Statesville.  Upon information and belief, Lamb is a resident of Illinois.

4.      At all relevant times, Defendant JERMIAGH DALEY ("Daley"), was employed by IDOC and was the Chief Engineer of Statesville.  Upon information and belief, Daley is a resident of Illinois.

5.      At all relevant times, Defendant DR. SALEH OBAISI ("Dr. Obaisi"), was a Medical Director at Statesville and employed by Defendant WEXFORD HEALTH SOURCES, INC.  Upon information and belief, Dr. Obaisi is a resident of Illinois.

6.      Dr. Obaisi, Lamb and Daley are being sued for money damages in their individual and personal capacity. Wexford is being sued for money damages in its corporate capacity as principal of its agent.

7.      Harris has exhausted all administrative remedies available to him.  Harris filed an Emergency Grievance on September 28, 2015, which was subsequently denied.  Harris forwarded the Emergency Grievance to the Administrative Review Board ("ARB") on October 22, 2015.

## JURISDICTION AND VENUE

8.      This court has federal question jurisdiction over the subject matter of this Complaint pursuant to the Civil Rights Act, 42 U.S.C.  § 1983, and 28 U.S.C. § 1331.

9.      This court has personal jurisdiction over each of the Defendants.  Defendants Dr. Obaisi, Lamb and Daley, are, upon information and belief, residents of the State of Illinois, former or current employees of the State of Illinois, conduct business in the State of Illinois and

committed the acts described herein within the State of Illinois. Defendant Wexford is an employer within the State of Illinois, authorized and conducted business in the State of Illinois, and authorized and committed the acts described herein within the State of Illinois. As a result, the court has personal jurisdiction over these Defendants pursuant to one or more subsections of 735 ILCS 5/2-209(a)-(c).

10.     Venue is proper in this jurisdiction because the facts which give rise to Plaintiff's causes of action took place in the Northern District of Illinois.

## FACTS

11.     Since approximately 2001, Harris has primarily been incarcerated at Statesville.

12.     Between August 2, 2015 and August 5, 2015, Harris repeatedly complained to the nurses on duty at Statesville that he required medical attention and treatment due to a worsening medical illness. Harris' requests for medical treatment were denied and/or ignored.

13.     On August 5, 2015, Harris was examined by Defendant Dr. Obaisi in the Hospital Care Unit ("HCU") who reported an elevated temperature and other medical conditions. After a few hours, Dr. Obaisi transferred Harris to Presence Saint Joseph Medical Center in Joliet, IL and subsequently to the University of Illinois Medical Center ("UIC") in Chicago, IL.

14.     Between August 5, 2015 and August 14, 2015, Harris received medical treatment in the UIC Intensive Care Unit for a bacterial disease, Legionella Pneumonia, he contracted during his incarceration at Statesville.

15.     On August 14, 2015, Harris was discharged from UIC and admitted into the HCU infirmary at Statesville under the medical care of Defendant Dr. Obaisi, where he remained until September 16, 2015.

1591279.1

16.     Following his discharge from the HCU, acting Warden of Statesville, Defendant Lamb, visited Harris to confirm his medical status.  At some point during his recovery in August to September 2015, Statesville declared Harris deceased.

17.     To date, Harris continues to experience pain and suffering resulting from his Legionella Pneumonia and has been prescribed an inhaler.

18.     On September 28, 2015, Harris filed an Emergency Grievance with IDOC as a result of his physical condition and inadequate medical treatment.  Harris has repeatedly requested to see a specialist for his medical conditions, and those requests have not been met as Defendant Lamb denied his grievance request.

19.     On October 22, 2015, Harris mailed the results of his Emergency Grievance to the ARB.  To date, Harris has not received a written response.

20.     Since August 2015, Defendant Wexford has been aware of Harris' medical condition and continues to provide inadequate medical treatment for the pain and suffering caused by the residual effects of Legionella Pneumonia.

21.     Defendant Wexford intentionally took no action to provide Harris with proper medical treatment following his discharge from the HCU on September 16, 2015 to the present.

22.     The failure of Defendants Dr. Obaisi, Wexford, Lamb and Daley to properly maintain the facilities at Statesville and/or treat Harris from August 2015 through the present has resulted in Harris suffering great pain and discomfort, and potentially life-threatening complications.

1591279.1

## COUNT I
## (VIOLATION OF 42 U.S.C. § 1983—WEXFORD)

23.     Harris re-alleges paragraphs 1-22 as if fully set forth herein.

24.     This is an action for damages pursuant to 42 U.S.C. § 1983.

25.     Defendant Wexford, operating under the color of state law, violated Harris' civil

rights under the Eighth and Fourteenth Amendments of the United States Constitution, and 42

U.S.C. § 1983, by showing deliberate indifference to Harris' health and medical needs while

Harris was and is incarcerated.

26.     Harris' health, welfare, and quality of life in prison are directly dependent on his

ability to move about the prison and carry out simply day-to-day tasks without the immense pain

that is caused by his medical condition.  Harris' ailments could have been resolved by Defendant

Wexford simply carrying out its duties and responsibilities as the medical staff and service

provider for IDOC and ensuring that Harris was provided with the proper treatment following his

Legionella Pneumonia, including an opportunity to see a specialist.  As the provider of medical

staff and service for the IDCO, Defendant Wexford knew well the consequences of failing to

provide timely and proper treatment for Harris' medical condition.    Notwithstanding this,

Defendant Wexford deliberately chose not to help Harris, and/or deliberately ignored Harris and

Harris' serious medical needs.  Due to Defendant Wexford's deliberate indifference, Harris has

been, and continues to be, incarcerated under conditions that pose a risk of harm to his health and

welfare.

WHEREFORE, Plaintiff, M.C. Harris, asks this Honorable Court to find that Defendant

Wexford has acted in violation of the United States Constitution and 42 U.S.C. § 1983, enter an

1591279.1

award for monetary damages, attorneys' fees and costs, as provided by 42 U.S.C. § 1983 against

Defendant Wexford, and grant such further relief that this Court deems just and proper.

## COUNT II
### (VIOLATION OF 42 U.S.C. § 1983—LAMB)

27.     Harris re-alleges paragraphs 1-26 as if fully set forth herein.

28.     This is an action for damages pursuant to 42 U.S.C. § 1983.

29.     Defendant Lamb, operating under the color of state law, violated Harris' civil

rights under the Eighth and Fourteenth Amendments of the United States Constitution, and 42

U.S.C. § 1983, by showing deliberate indifference to Harris' health and medical needs while

Harris was and is incarcerated.

30.     Harris's health, welfare, and quality of life in prison are directly dependent on his

ability to move about the prison and carry out simply day-to-day tasks without the immense pain

that is caused by his medical condition.  Harris' ailments could have been prevented by

Defendant Lamb simply carrying out its duties and responsibilities as the acting Warden of

Statesville for IDOC and ensuring that Harris was not exposed to the bacterial conditions causing

his Legionella Pneumonia.  As the acting Warden for IDOC, Defendant Lamb knew well the

consequences of failing to properly maintain the facilities.  Notwithstanding this, Defendant

Lamb deliberately chose not to properly and/or adequately maintain the facilities at Statesville.

Due to Defendant Lamb's deliberate indifference, Harris has been, and continues to be,

incarcerated under conditions that pose a risk of harm to his health and welfare.

WHEREFORE, Plaintiff, M.C. Harris, asks this Honorable Court to find that Defendant

Lamb has acted in violation of the United States Constitution and 42 U.S.C. § 1983, enter an

award for monetary damages, attorneys' fees and costs, as provided by 42 U.S.C. § 1983 against

Defendant Lamb, and grant such further relief that this Court deems just and proper.

<u>COUNT III</u>
**(VIOLATION OF 42 U.S.C. § 1983—DALEY)**

31.    Harris re-alleges paragraphs 1-30 as if fully set forth herein.

32.    This is an action for damages pursuant to 42 U.S.C. § 1983.

33.    Defendant Daley, operating under the color of state law, violated Harris' civil

rights under the Eighth and Fourteenth Amendments of the United States Constitution, and 42

U.S.C. § 1983, by showing deliberate indifference to Harris' health and medical needs while

Harris was and is incarcerated.

34.    Harris' health, welfare, and quality of life in prison are directly dependent on his

ability to move about the prison and carry out simply day-to-day tasks without the immense pain

that is caused by his medical condition.   Harris' ailments could have been prevented by

Defendant Daley simply carrying out its duties and responsibilities as the Chief Engineer of

Statesville for IDOC and ensuring that Harris was not exposed to the bacterial conditions causing

his Legionella Pneumonia.   As the Chief Engineer for IDOC, Defendant Daley knew well the

consequences of failing to properly maintain the facilities.   Notwithstanding this, Defendant

Daley deliberately chose not to properly and/or adequately maintain the facilities at Statesville.

Due to Defendant Daley's deliberate indifference, Harris has been, and continues to be,

incarcerated under conditions that pose a risk of harm to his health and welfare.

WHEREFORE, Plaintiff, M.C. Harris, asks this Honorable Court to find that Defendant

Daley has acted in violation of the United States Constitution and 42 U.S.C. § 1983, enter an

1591279.1

award for monetary damages, attorneys' fees and costs, as provided by 42 U.S.C. § 1983 against

Defendant Daley, and grant such further relief that this Court deems just and proper.

## COUNT IV
## (VIOLATION OF 42 U.S.C. § 1983—DR. OBAISI)

35.     Harris re-alleges paragraphs 1-34 as if fully set forth herein.

36.     This is an action for damages pursuant to 42 U.S.C. § 1983.

37.     Defendant Dr. Obaisi, operating under the color of state law, violated Harris' civil

rights under the Eighth and Fourteenth Amendments of the United States Constitution, and 42

U.S.C. § 1983, by showing deliberate indifference to Harris' health and medical needs while

Harris was and is incarcerated.

38.     Harris' health, welfare, and quality of life in prison are directly dependent on his

ability to move about the prison and carry out simply day-to-day tasks without the immense

suffering that is caused by his medical condition.  Harris' ailments could have been mitigated by

Defendant Dr. Obaisi simply carrying out his duties and responsibilities as an experienced

physician and Medical Director for IDOC and providing Harris proper medical treatment and an

opportunity to see a specialist.  Defendant Dr. Obaisi knew well the consequences of delay of

treatment and failure to properly diagnose Legionella Pneumonia. Notwithstanding this,

Defendant Dr. Obaisi deliberately chose not to help Harris, and/or deliberately ignored Harris

and Harris' serious medical needs.  Due to Defendant Dr. Obaisi's deliberate indifference, Harris

has been, and continues to be, incarcerated under conditions that pose a risk of harm to his health

and welfare.

WHEREFORE, Plaintiff, M.C. Harris, asks this Honorable Court to find that Defendant

Dr. Obaisi has acted in violation of the United States Constitution and 42 U.S.C. § 1983, enter an

1591279.1

award for monetary damages, attorneys' fees and costs, as provided by 42 U.S.C. § 1983 against Defendant Dr. Obaisi, and grant such further relief that this Court deems just and proper.

### **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

### **CONCLUSION**

WHEREFORE, Plaintiff, M.C. Harris, requests that judgment be entered in his favor and against Defendants Wexford Health Sources, Inc., Nicholas Lamb, Jermiagh Daley and Dr. Saleh Obaisi, for the pain, suffering and inconvenience that Plaintiff, M.C. Harris, has had to endure as a result of Defendants' constitutional violations.

Respectfully submitted,

 /s/*W. Gregory Aimonette*
 W. Gregory Aimonette
 Attorney for M.C. Harris

W. GREGORY AIMONETTE
DENNIS D. FITZPATRICK
PAUL W. DAUGHERITY
Clausen Miller P.C.
10 S. LaSalle
Chicago, Illinois 60603-1098
312-606-7576

1591279.1

## CERTIFICATE OF SERVICE AND NOTIFICATION OF ELECTRONIC FILING

The undersigned hereby certifies that a true and correct copy of the **First Amended Complaint,** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system which will send notification of such filing via electronic delivery to attorneys of record on March 13, 2017.


Respectfully submitted,

 /s/*W. Gregory Aimonette*
 W. Gregory Aimonette
 Attorney for M.C. Harris


W. GREGORY AIMONETTE
DENNIS D. FITZPATRICK
PAUL W. DAUGHERITY
Clausen Miller P.C.
10 S. LaSalle
Chicago, Illinois 60603-1098
312-606-7576

10

1591279.1